UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SHARON CHOW,

                **Plaintiff,**          **VERIFIED COMPLAINT**
                                        **AND JURY TRIAL DEMAND**

    -against-

                                    **05-CV 2417**
                                    **Assigned Judge:**

THE STRIDE RITE CORP. d/b/a TOMMY
HILFIGER FOOTWEAR

                **Defendant.**
-----------------------------------------------------------------x         JUDGE ROBINSON

    Plaintiff, Sharon Chow, by and through her attorney, Mark J. Weinstein, Esq., as and for her complaint, alleges as follows:

## INTRODUCTION

    1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under state law.

    2. Plaintiff seeks money and other damages for the wrongful, illegal, and unconstitutional acts of the Defendant which violated, rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. Section 2000e(k), New York State Human Rights Law, New York Executive Law Section 290 *et seq.*, and breach of contract under New York State common law.

    3. Plaintiff alleges herein that she was subjected to discrimination, denied the equal terms,

1

conditions, and privileges of employment, and illegally terminated based on gender/pregnancy.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. Sections 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the United States Equal Employment Opportunity Commission. Plaintiff received a written dismissal dated December 9, 2004 from the Commission, which has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is a thirty-one (31) year-old female who resides in Westchester County, State of New York.

8. Upon information and belief, Defendant is an "employer" within the meaning of 42 U.S.C. Section 2000 *et seq.* and the New York State Human Rights Law, employing more than 15 individuals, which presently does business within the State of New York.

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

2

10. Plaintiff was employed by the Defendant on or about October 14, 2002 as a "Product Line Manager" - Women's Casual.

11. Plaintiff always performed her job duties in a competent and professional manner.

12. On or about May 22, 2003 plaintiff received a "good" performance review from her supervisor, Senior Vice President of Product, Ruthie Davis (hereinafter referred to as "Davis").

13. On or about February 24, 2004, plaintiff received a "good" review on her "Annual Performance Review" by Davis.

14. On or about March 2, 2004 plaintiff verbally informed Davis that she was pregnant.

15. On or about April 20, 2004 plaintiff's physician wrote her a letter "limiting her work to 8 hours a day, no heavy lifting, no squatting and no traveling effective June 10, 2004." Plaintiff submitted this letter to Davis.

16. In or about early May, 2004, defendant hired a new Senior VP of Product, Bornie Del Priorie (hereinafter referred to as "Del Priorie").

17. On or about May 12, 2004 plaintiff submitted a note to Del Priorie from her physician advising that her last day of work would be June 18, 2004.

18. On or about May 20, 2004 plaintiff submitted a "Request for Leave of Absence" form in preparation for the birth of her child to Del Priorie.

19. This document indicated that plaintiff would begin her leave on June 19, 2004.

20. Plaintiff additionally informed Del Priorie that she planned on taking eighteen (18) weeks of leave pursuant to defendant's Short-Term Disability and Family/Medical Leave provision.

21. On or about June 14, 2004 Plaintiff received a letter from Maureen Hallett, defendant's HR Service Center Representative that she would be placed on Short-Term Disability-

3

Family/Medical Leave effective June 21, 2004.

22. On or about June 17, 2004, one day before plaintiff's planned last day of work, Del Priorie informed plaintiff that her "position was being eliminated."

23. On or about June 18, 2004 plaintiff attended her last day of work.

24. Upon information and belief, plaintiff was illegally terminated based on her gender/pregnancy.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON GENDER (PREGNANCY) UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

25. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" as though fully set forth herein.

26. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under Title VII in that plaintiff was unfairly terminated based on gender (pregnancy).

27. As herein described, the defendant acted with malice or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON GENDER (PREGNANCY) UNDER NEW YORK EXECUTIVE LAW SECTION 290

28. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State's Human Rights Law in that plaintiff was unfairly terminated based on gender (pregnancy).

30. As herein described, the defendant acted with malice or with reckless disregard for

plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON BREACH OF CONTRACT UNDER NEW YORK STATE COMMON LAW

31. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" as though fully set forth herein.

32. The wrongful and illegal termination of plaintiff by defendant constitutes breach of the express terms of said contract between plaintiff and defendant, which provides that plaintiff would be placed on Short-Term Disability-Family/Medical Leave effective June 21, 2004.

33. As a result of defendant's breach of contract plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Sharon Chow, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined.

2. Award reasonable attorney's fees and the costs of this action.

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: White Plains, N.Y.
February 20, 2005

Cisternino & Weinstein, LLP
Attorneys for Plaintiff

By: _____
Mark J. Weinstein (MW1896)
701 Westchester Ave. Ste. 308W
White Plains, N.Y. 10604
(914) 997-0303

6

# VERIFICATION

STATE OF NEW YORK            )
                             ) SS:
COUNTY OF WESTCHESTER        )

SHARON CHOW, being duly sworn, deposes and says:

I am the plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
SHARON CHOW

Subscribed and sworn to before me this
20th day of February, 2005.

MARK J. WEINSTEIN, ESQ.
Notary Public, State of New York
No. 02WE6033135
Qualified in Westchester County
Commission Expires 11/28/06